**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-1618**

———————

TIMOTHY REDMOND; COLLEEN REDMOND,

        Plaintiffs - Appellants,

    v.

GREEN TREE SERVICING, LLC,

        Defendant - Appellee.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:12-cv-00258-BO)

———————

Submitted: January 23, 2015      Decided: February 2, 2015

———————

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Aaron D. Radbil, GREENWALD DAVIDSON PLLC, Boca Raton, Florida, for Appellants. Robert R. Marcus, Heather C. White, SMITH MOORE LEATHERWOOD LLP, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants Timothy Redmond and Colleen Redmond appeal the district court's orders granting summary judgment to the Defendant and denying reconsideration in their civil action. On appeal, they contend that the district court erred in holding that only "consumers" have standing to bring a claim under the North Carolina Debt Collection Act and in finding that they are not consumers as defined in the Act. We affirm.

We review whether a district court erred in granting summary judgment de novo, applying the same legal standards as the district court and viewing the evidence in the light most favorable to the nonmoving party. Walker v. Mod-U-Kraf Homes, LLC, __ F.3d __, 2014 WL 7273031, *3 (4th Cir. Dec. 23, 2014). The district court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation and internal quotation marks omitted). "The nonmoving party cannot create a genuine issue of material fact through mere speculation

2

or the building of one inference upon another," <u>Othentec Ltd. v. Phelan</u>, 526 F.3d 135, 140 (4th Cir. 2008) (citation and internal quotation marks omitted), and he cannot defeat summary judgment with merely a scintilla of evidence, <u>Am. Arms Int'l v. Herbert</u>, 563 F.3d 78, 82 (4th Cir. 2009). Rather, he "must produce some evidence (more than a scintilla) upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." <u>Othentec Ltd.</u>, 526 F.3d at 140 (citations and internal quotation marks omitted).

We have reviewed the record and the parties' briefs, and we conclude that the district court did not err in granting summary judgment to the Defendant and denying reconsideration. Accordingly, we affirm for the reasons stated by the district court. <u>See</u> <u>Redmond v. Green Tree Servicing, LLC</u>, No. 7:12-cv-00258-BO (E.D.N.C. Mar. 27, 2014; Apr. 3, 2014; June 10, 2014); <u>see also</u> <u>Ross v. FDIC</u>, 625 F.3d 808 (4th Cir. 2010); <u>Green Tree Servicing LLC v. Locklear</u>, 763 S.E.2d 523 (N.C. Ct. App. 2014). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>